ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 08 2011

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

MACDONALD RUDY BYRNS
 O'NEILL & YAMAUCHI
RALPH J. O'NEILL        4705-0
CATHY GEE KONG       6928-0
1001 Bishop Street, Suite 2650
Honolulu, Hawaii  96813
Telephone:  (808) 523-3080

Attorneys for Plaintiff
THE BURLINGTON
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> ROGER PACARIEM dba ROGER'S ROOFING; ROGER'S ROOFING, LLC, <br><br> Defendants. | CIVIL NO. 11-00013 SOM BMK <br><br> ~~PROPOSED~~ FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF THE BURLINGTON INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ROGER PACARIEM DBA ROGER'S ROOFING AND ROGER'S ROOFING, LLC; EXHIBIT "A" (JUDGMENT) |

**PROPOSED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF THE BURLINGTON INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ROGER PACARIEM DBA ROGER'S ROOFING AND ROGER'S ROOFING, LLC**

Before the Court is Plaintiff THE BURLINGTON INSURANCE COMPANY's ("Burlington") Motion for Default Judgment against Defendants ROGER PACARIEM dba ROGER'S ROOFING and ROGER'S ROOFING, LLC (collectively, "Defendants"), filed May 17, 2011. Defendants were served with a copy of the Motion, but did not file an opposition. [Doc. No. 16-5].

This matter came on for hearing on June 27, 2011. Cathy Gee H. Kong, Esq. and Ralph J. O'Neill, Esq. appeared on behalf of Burlington. Arnold T. Phillips, II, Esq. appeared on behalf of Defendants. After careful consideration of the Motion, the supporting memoranda, and the arguments of counsel, the Court FINDS AND RECOMMENDS that the Motion be GRANTED and that Judgment, attached as Exhibit "A", be entered in this matter.

I.   **BACKGROUND**

Burlington filed the instant action seeking a judicial determination of the scope of coverage under two insurance policies issued to Defendants. *See* Complaint, filed January 5, 2011 at 7, ¶ 23 – 26. Burlington issued: (a) Policy Number 087B003999 to Rogers Roofing, LLC for the period of October 10, 2008 to October 10, 2009 and (b) Policy Number 087B004392 to Rogers (sic) Pacariem dba Rogers Roofing for the period of October 10, 2009 to October 10, 2010. *See*

Complaint at 3, ¶ 7. Such policies are referred to herein collectively as the "Insurance Policies." The insurance coverage dispute arises out of an underlying action, captioned *Richard A. Baqui, II dba Haaheo Construction v. Association of Apartment Owners of Ihona, et al.*, Civil No. 10-1-0058-01, in the First Circuit Court, State of Hawaii ("Underlying Action"), in which Defendants were sued as third-party defendants for allegedly performing defective roofing work. *See id.* at 3, ¶9 and 5, ¶ 15.

**A. The Underlying Action**

The Association of Apartment Owners of Ihona ("AOAO Ihona") contracted with DGK Construction to re-roof a total of twelve buildings located at 94-1004 through 94-1071 Kaukahi Place, Waipahu, Hawaii. *See* Complaint at 3, ¶ ¶ 8, 10. It is alleged that DGK Construction hired Roger Pacariem, dba Roger's Roofing, now known as Roger's Roofing, LLC (collectively, "Defendants") to perform the roofing work. *Id.* Defendants then completed roofing work on five of the buildings. *Id.* It is alleged that on October 9, 2009, DGK Construction's contract was assigned to Richard A. Baqui II, dba Haaheo Construction ("Haaheo Construction"). *Id.* at 4, ¶ 11.

It is alleged that on October 14, 2009, the AOAO Ihona paid $117,973.51, which was the second payment due after the completion of five of the buildings. *See* Complaint at 4, ¶ 12. Defendants then proceeded to perform the roofing work

on the next seven buildings at the property. *Id.* As of November 10, 2009, the re-roofing work was completed on all twelve buildings at the property, and as of November 13, 2009, the contractors had removed all their tools and equipment from the property. *Id.*

On November 16, 2009, Haaheo Construction delivered the final invoice in the amount of $117, 973.51 to the AOAO Ihona for payment, but the AOAO Ihona refused to make the payment. *See Complaint* at 4, ¶ 13.

On January 11, 2010, Haaheo Construction filed suit against the AOAO Ihona to recover the amount owing. *See Complaint* at 4, ¶ 14. In response, the AOAO Ihona filed a counterclaim against Haaheo Construction, seeking compensatory damages. *Id.* The AOAO Ihona alleges that, "The work performed on the Project was not completed in a workmanlike manner and the end product does not meet the standards of the Uniform Building Code or applicable industry standards." *Id.* The counterclaim further alleges that the AOAO Ihona "may be required to demolish and remove all work done at the Property by or on behalf of Haaheo." *Id.* at 4-5, ¶ 14. Based on these, and additional allegations, the AOAO Ihona alleges claims for negligent construction, unjust enrichment, and statutory unfair and deceptive trade practices. *Id.*

In response to the counterclaim, Haaheo Construction filed a Third-Party Complaint against, *inter alia*, the Defendants in this action, seeking to have them

defend and indemnify Haaheo Construction for the claims against Haaheo

Construction in the counterclaim. *See Complaint* at 5, ¶ 15.

## B. The Instant Action

### 1. Procedural Facts

On January 5, 2011, Burlington filed the instant action, seeking declaratory

relief that it has no duty to indemnify or defend Defendants with regard to the

claim in the Underlying Action. *See* Complaint at 7, ¶ 23-26. On January 19,

2011, Defendants were served with the Complaint and summons. [Doc. Nos. 7 -

8]. The deadline for Defendants' answer was on February 9, 2011. Defendants

failed to answer, move, plead or otherwise defend. On April 27, 2011, Burlington

obtained a clerk's entry of default. On May 17, 2011, Burlington filed its Motion

for Default Judgment and served a courtesy copy to Defendants by certified mail.

[Doc. No. 16-5]. Defendants neither filed a motion to continue the Motion for

Default Judgment or an opposition to such Motion.

## II. Rules Governing Entry of Default Judgment

Under *Federal Rule of Civil Procedure* ("FRCP") 55(b)(1), the Clerk of the

Court may enter default judgment for the plaintiff if the defendant has defaulted by

failing to appear and plaintiff's claim is for a "sum certain or for a sum which can

by computation be made certain[.]" *See* Fed.R.Civ.P. 55(b)(1). In all other cases,

the plaintiff must apply to the court for default judgment. *See* Rule 55(b)(2). If the

defendant has appeared in the action, the plaintiff must serve written notice of the

application on the defendant at least three days prior to the hearing. The court may

conduct an evidentiary hearing, "[i]f, in order to enable the court to enter judgment

or to carry it into effect, it is necessary to take an account or to determine the

amount of damages or to establish the truth of any averment by evidence or to

make an investigation of any other [.]" *Id.*

"'The general rule of law is that upon default the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true.'"

*TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir.1987) (quoting

*Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977)). However, a

plaintiff who obtains an entry of default is not entitled to default judgment as a

matter of right. *See Warner Bros. Entm't Inc. v. Caridi,* 346 F.Supp.2d 1068, 1071

(C.D.Cal.2004). Default judgments are disfavored; cases should be decided on the

merits if possible. *See In re Roxford Foods, Inc.,* 12 F.3d 875, 879 (9th Cir.1993).

Thus, "any doubts as to the propriety of a default are usually resolved against the

party seeking a default judgment." *VonGrabe v. Sprint PCS,* 312 F.Supp.2d 1313,

1319 (S.D.Cal.2004) (citing *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811,

814 (9th Cir.1985)).

In determining whether to grant default judgment, the court should consider

the following factors:

(1) the possibility of prejudice to the plaintiff,

(2) the merits of the plaintiff's substantive claim,

(3) the sufficiency of the complaint,

(4) the sum of money at stake in the action,

(5) the possibility of a dispute concerning material facts.,

(6) whether the default was due to excusable neglect, and

(7) the strong policy underlying the *Federal Rules of Civil Procedure* favoring decisions on the merits.

*Warner Bros.,* 346 F.Supp.2d at 1071-72 (quoting *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir.1986)). In addition, a court can deny default judgment where the defendant has appeared and actively defends against the plaintiff's claims. *See VonGrabe,* 312 F.Supp.2d at 1319.

## III.   Default Judgment is Appropriate

Upon consideration of the *Eitel* factors, the Court finds that the entry of default judgment against Defendants is appropriate and discusses each factor in turn.

### A. The *Eitel* Factors

#### 1. Possibility of Prejudice to Burlington

At the hearing, defense counsel stated that he was recently retained and orally requested a continuance. Defense counsel failed to demonstrate any basis for Defendants' failure to defend the matter, much less excusable neglect.

Moreover, defense counsel had no explanation for his failure to file any responsive pleading, an opposition to Burlington's Motion for Default Judgment, motion to vacate the entries of default against Defendants, or motion to continue the pending Motion. *See Knouff v. United States*, 74 F.R.D. 555, 556 (W.D. Pa. 1977) ("Where a defendant … fails to serve either his answer or motion within the time permitted by the rule and, without having obtained an enlargement as proved by Rule 6(b), subsequently serves the answer or motion, the defendant is in default, and the plaintiff's remedy is to apply for an entry of judgment by default pursuant to Rule 55.").

Burlington, on the other hand, has actively litigated the instant lawsuit. After serving Defendants the Complaint over five months, Burlington continued to serve Defendants with key pleadings, despite Defendants' failure to file an answer or other responsive pleading. [Doc. Nos. 9-1, 10-1, 14-4, 16-5]. There can be no reasonable argument of excusable neglect or meritorious defense. Given that Burlington will be left in limbo if default judgment is not entered, the prejudice factor weighs in favor of default judgment.

## 2. Merits of Burlington's Claims

The Insurance Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Under Hawaii law, claims for breach of contract resulting in

defective construction do not constitute an "occurrence" as defined in the

Insurance Policies. *Group Builders, Inc. v. Admiral Ins. Co.*, 231 P.3d 67 (Haw.

Ct. App. 2010). *Accord Burlington Ins. Co. v. Oceanic Design & Const., Inc.*, 383

F.3d 940 (9th Cir. 2004). Thus, the merits of Burlington's Complaint that it has no

duty to indemnify or defend Defendants weigh in favor of entry of default

judgment.

### 3. Sufficiency of the Complaint

The sufficiency of the Complaint also weighs in favor of default judgment.

The allegations in the Complaint are sufficiently pleaded and supported by facts in

the record.

### 4. The Sum of Money at Stake Favors Entry of Default Judgment

"A default judgment generally is disfavored if there is a large sum of money

involved." *Valvanis v. Milgroom,* 2009 WL 1561571, at * 10 (citing *Eitel,* 782

F.2d at 1472). In this case, no amount of damages are sought, but rather a

declaration of rights of the parties under two insurance policies. The Judgment,

attached as Exhibit "A", explicitly states that each party shall bear its own costs

and attorney's fees. This factor weighs in favor of entry of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

It is undisputed that Burlington issued the Insurance Policies to Defendants.

It is undisputed that Defendants were sued as third-party defendants in the

Underlying Action for breach of contract resulting in defective workmanship. Therefore, this factor weighs in favor of granting default judgment.

### 6. Whether Default was Due to Excusable Neglect

There is no evidence in the record that Defendants' failure to answer the Complaint or otherwise plead was due to excusable neglect. Defendants were aware of this litigation, and, more specifically, properly served. They have not disputed this basic fact. When no answer was served or filed, default was entered on April 27, 2011. Burlington provided Defendants a courtesy copy of the Entry of Default. [Doc. No. 14-4]. Defendants were served with a copy of the Motion for Default Judgment. [Doc. No. 16-5]. To date, even after retaining defense counsel, no motion to set aside the Entry of Default has been filed and there was no opposition to the Motion for Default Judgment. Thus, this factor weighs in favor of entry of default judgment.

### 7. Policy Favoring Decisions on the Merits

Although the Court recognizes the strong policy favoring resolution of cases on their merits, proceedings with the instant case against Defendants would be futile, given Defendants failure to answer or otherwise plead in this case, despite being served with the Entry of Default and Motion for Default Judgment and retaining defense counsel. It is clear Defendants have no intention of defending

this matter, so failing to enter default judgment based on public policy would unduly prejudice Burlington.

## III. CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Burlington's Motion for Default Judgment Against Defendants ROGER PACARIEM dba ROGER'S ROOFING and ROGER'S ROOFING, LLC, filed May 17, 2011 be GRANTED. Specifically, the Court recommends that default judgment be entered against Defendants ROGER PACARIEM dba ROGER'S ROOFING and ROGER'S ROOFING, LLC and that Judgment, attached as Exhibit "A", be entered in this matter.

APPROVED AND SO ORDERED:

JUDGE OF THE ABOVE-ENTITLED COURT